Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

Nos. 04-12-00258-CR & 04-12-00259-CR

Robert Lane **MARSH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009-CR-5812 & 2009-CR-5814
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice

Delivered and Filed:  September 12, 2012

DISMISSED

Pursuant to a plea-bargain agreement, Robert Lane Marsh pled nolo contendere to the offense of placing a serial number on a vehicle with intent to change its identity in trial court cause numbers 2009-CR-5812 and 2009-CR-5814. In accordance with the terms of his plea-bargain agreement, Marsh was sentenced to eight years' imprisonment in each cause number, said sentences to run concurrently. On January 26, 2012, the trial court signed a certification of defendant's right to appeal in each cause number, stating that this "is a plea-bargain case, and the

defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Marsh filed a notice of appeal in each cause number, the trial court clerk sent copies of the certifications and notices of appeal to this court. *See id.* 25.2(e). The clerk's records, which include the trial court's Rule 25.2(a)(2) certifications, have been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's records, which contain written plea bargains, establish the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's records do not include a written motion filed and ruled upon before trial; nor do they indicate that the trial court gave Marsh permission to appeal. *See id.* The trial court's certifications, therefore, appear to accurately reflect that these are plea-bargain cases and that Marsh does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned Marsh that these appeals would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless amended trial court certifications showing that Marsh had the right to appeal were made part of the appellate records. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No amended trial court certifications have been filed. These appeals are, therefore, dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH